The opinion of the court was delivered by
Manning, O. J.
The relator alleges that he was elected to the lower house of the legislature last November, and that the respondent ■Spearing intends to contest his election, and has served due notice 'thereof, and has also presented a petition to the judge of the sixth district court of this city, praying that the testimony of witnesses be ■taken in support of his (Spearing’s) claim. He farther alleges that the .judgehas issued an order to the clerk of the Superior Criminal Court to produce the ballot boxes containing the votes cast at the election at five •several polls, and has also ordered those boxes to be opened, and the ballots therein, to be counted. The clerk of the Criminal. Court is the legal custodian of the ballot boxes. The relator charges that the-judge is exceeding his jurisdiction in granting this order for the production of the ballot boxes, and for counting the ballots, and he therefore prays •a writ of prohibition.
*123 Upon a rule to sliew cause why the writ should not issue, which we granted, both respondents deny that this court has jurisdiction over the subject matter.
The application to the judge to take testimony is made under this provision for contested elections of Representatives; — any judge of a court of record, or two justices of the peace shall issue subpeenas for witnesses, and shall have power to compel their attendance, and the depositions taken before them shall be transmitted to the Secretary of State, who shall lodge them within three days after the succeeding session with the Clerk of the House of Representatives. Rev. Stats, sec. 1432.
It would seem that a judge, acting under this law, is' not sitting in his judicial capacity, but merely as a commissioner before whom witnesses are to be brought, and that it is only the depositions of witnesses that he is empowered to take, for the law is special, and no power should be exercised under it that is not specially conferred. Whether the production of a ballot box, and the breaking of its .seals, and the counting of the votes therein deposited, can be legitimately included under an authorization to summon witnesses and take their depositions, is a matter for the judge, who is acting under this special law to consider. We can only observe that more than usual caution and hesitancy should be observed in determining to do an act which does not appear to have been expressly authorized. The act of Congress relative to the same subject gives a more enlarged authority than our statute in this, that it specially provides for the production of papers. U. S. Rev. Stats, sec. 123.
The question of jurisdiction however is the vital one for our consideration. The House of Representatives is the judge of the qualifications, election, and returns of its members, but a contested election shall be determined in such manner as may be prescribed by law. Constitution, art. 34. The law has not provided any special manner in which the contested election of a representative shall be determined, and therefore the House is the exclusive judge of such election, and the returns thereof. To facilitate it in the performance of this function, permission is accorded to all parties claiming the seat to take the depositions of witnesses, which are required to be transmitted to the Secretary of State, who must lodge them with the clerk of the House.
There is no law providing for a judicial scrutiny of the votes cast lor Representatives. The judge of the Sixth Court is not hearing and determining a cause, but merely sitting as commissioner to take depositions. The writ of prohibition only issués to courts of inferior judges which exceed the bounds of their jurisdiction. Code Prae. art. 845. .It is an order rendered by an appellate court of competent jurisdiction, *124 and directed to the judge and to the party suing in a suit before an inferior court. Ibid. art. 846.
There is no suit here, and no judge acting in his judicial capacity, and therefore ther.e is nothing upon which the writ can operate.
It may be that the commissioner is about to exercise a doubtful, or undelegated power. It may be that the exercise of such power is wholly unnecessary, since ultimately the House of Bepresentatives' can and will do (if it be necessary) what the. commissioner proposes to do, viz break the seals of the ballot boxes, and count the vptes, and therefore the commissioner will have done a supererogatory act, but we are-without jurisdiction to issue a writ to him which shall prohibit him from doing that act. And since the determination of the election contest of a Bepresentative is a matter wholly delegated to the legislative department of the government — -of co-ordinate and equal dignity and authority with the other departments — it is becoming in the judiciary to abstain from even an appearance of trenching upon a domain exclusively appropriated to others.
The writ is. refused at the cost of the relator.